IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARTHA NORMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09-CV-953-WDS |
| | ) | |
| ALTON COMMUNITY UNIT SCHOOL | ) | |
| DISTRICT #11, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss (Doc. 15) to which plaintiff, who proceeds in this action pro se, has filed a response (Doc. 20). The underlying facts of the case are fairly straight-forward. Plaintiff filed her pro se complaint seeking to recover for alleged employment discrimination against the defendant in violation of Title VII. She alleges that she was discriminated against in her application for position of teacher; and that she was forced to resign from her position of teacher's assistant due to her race (African American), age (56) and, because she filed complaints against the defendant with the union.

She asserts that she applied for several classroom teacher positions from 2006-April, 2009 and was passed over for younger, Caucasian applicants. Additionally, she alleges that when she complained to John Cunningham, Director of HR, he told her that she would have a hard time getting a position in the district due to "minority ratio." She alleges that in June of 2009 she was given the opportunity to resign in lieu of termination, and elected to resign.

Defendant has filed a motion to dismiss (Doc. 19) in which it asserts that her complaint should be dismissed as a matter of law for several reasons. First, that the majority of her complaints

are time-barred because they are alleged to have occurred in 2007 and 2008, and her complaint with the EEOC was not filed until October 26, 2009, which defendant alleges is more than 300 days after the District's purported discriminatory conduct occurred. In addition, defendant asserts that plaintiff has failed to exhaust her administrative remedies with respect to her claims of discrimination with respect to teaching positions. Therefore, defendant asserts, her claims with respect to discrimination in positions for teacher's aide, coordinator, teacher's assistant or textbook repair have not been exhausted and cannot be the subject of this complaint. Defendant also asserts that plaintiff's claims against the Teacher's Union must be dismissed because they do not state a claim against the defendant School District. Finally, the defendant claims that her complaint, as a whole, does not state a cause of action against the School District. Plaintiff has filed a response to this motion.

**A.     Failure to Exhaust Claims**

The first basis for dismissal which the Court must review is defendant's claim that plaintiff failed to exhaust several of her claims, specifically, those claims which are based on allegations of discrimination in her applications for positions for teacher's aide, coordinator, teacher's assistant or textbook repair. It is well settled that to proceed on a claim not raised in an EEOC charge, "there must be 'a reasonable relationship between the allegations in the charge and the claims in the complaint,' and it must appear that 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir.2000) (*quoting Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)). See, *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). In this case, plaintiff's claims that she was passed over for other positions other than that of teacher, are tangentially related, but do not necessarily grow out of the claims with respect to the teaching

positions. Arguably, each position has its own requirements and standards, and may even go through a different review process. The Seventh Circuit has stated, "We have suggested that written '[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations.'" *Swearnigen-El v. Cook County Sheriff's Dept.,* 602 F.3d 852 (7th Cir. 2010) (*quoting, Vela*, 218 F.3d at 664). Although plaintiff raised claims of discrimination based upon race, retaliation and age, it is not irrelevant that the only complaint plaintiff made involved two specific references to the teacher's positions. She states that she applied for and was "consistently passed over for several Regular Classroom Teacher's positions," and states that she filed two complaints with the Union related to the "employer's failure to select me for the Teacher's positions and my performance evaluations." (Norma's EEOC Complaint). There is no mention, nor is it clea,r that the EEOC investigation would have included, additional positions which she did not secure.

Therefore, the Court **GRANTS** defendant's motion to dismiss the plaintiff's claims related to positions of teacher's aide, coordinator, teacher's assistant or textbook repair, and those claims are **DISMISSED** for failure to exhaust administrative remedies.

### Plaintiff's Claims Against the Union

The plaintiff has only sued the School District. One of her claims against the District alleges that the District retaliated against her for filing a complaint with the Union. In order to establish retaliation in violation of Title VII, the employer must have had actual knowledge of the protected activity in order for its decisions to be retaliatory; it is not sufficient that "[an employer] could or even should have known about [an employee's] complaint." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006); see also, *Nagle v. Village of Calumet Park*, 554, F.3d 1106, 1122 (7th

Cir. 2009). In this case, the allegations are such that the plaintiff's claims of retaliation, albeit minimal, survive a motion to dismiss. Whether she can establish that the defendant knew of the Union complaints, and that led to any actions, may be a matter for a later summary judgment motion, but for purposes of this motion, her claim survives a motion to dismiss.

### Whether Plaintiff's Claim is Time-Barred

Plaintiff's claims, therefore, are limited to those related to her inability to get Teaching Positions within defendant District. The defendant asserts that the majority of her claims are time barred because they occurred before December of 2008, and therefore are outside the limitation period of 300 days. Notably, plaintiff's claim is not one of hostile work environment, it is a straight-forward discrimination action. Therefore, her complaint involves "discrete acts" and "the law precludes recovery for those discrete acts that occur outside the relevant statute of limitations." *Jones v. Res-Care,* 613 F.3d at 669-70. See, *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 105 (2002) (where the Court held that the statue of limitations applies differently depending on whether the plaintiff is claiming hostile work environment or discrete acts of discrimination, noting that "the statute precludes recovery for discrete acts. . . that occur outside the statutory time period." *Id.*). Therefore, any claims of which occurred before December 31, 2008, are time barred and cannot be part of plaintiff's claim.

### CONCLUSION

Accordingly, the Court **GRANTS in part and DENIES in part,** defendant's motion. The Court **GRANTS** the defendant's motion to dismiss plaintiff's claims relating to teaching positions which she did not receive before December 31, 2008 as they are time-barred. The Court further **GRANTS** defendant's motion to dismiss plaintiff's claims that she was discriminated against for

the following positions: teacher's aide, coordinator, teacher's assistant or textbook repair as plaintiff has not exhausted her administrative remedies on those claims.

The Court **DENIES** defendant's motion to dismiss plaintiff's claims that she suffered retaliation for filing Union complaints against the defendant.

**IT IS SO ORDERED.**

**DATE: 21 March, 2011**

                                                                                      **/s/  WILLIAM D. STIEHL**
                                                                                        **DISTRICT JUDGE**